IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| M. H. BARRIE & ASSOCIATES MARINE SURVEYORS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ZULFIKAR S.A., AL TUWAIRQI, )<br>DCS LINE, INC., and VARIOUS )<br>COMPONENTS OF DISASSEMBLED )<br>DRI PLANT, now located at Alabama )<br>State Port Authority, )<br>)<br>Defendants. | Civil Action No. 05-598-CG-M |

## ORDER

This matter is before the court on the motion of non-party, Mobile DRI Equipment Company, Inc. ("Mobile DRI"), for disbursement of funds (Doc. 28), plaintiff's response thereto (Doc. 36), plaintiff's motion for order to show cause why default and other relief should not be entered (Doc. 29), plaintiff's motion to amend complaint (Doc. 34), plaintiff's motion for entry of default (Doc. 35), plaintiff's motion to correct/change the caption (Doc. 42), plaintiff's motion for award of attorney's fees (Doc. 43), the responses of non-party Mobile DRI Company in opposition to the above motions (Docs. 32, 37, 44) and plaintiff's reply (Doc. 50).

The complaint in this case named the following as defendants: Zulfikar S.A., Al Tuwairqi, DCS Line Inc. and various components of disassembled DRI plant, now located at Alabama State Port Authority. Mobile DRI was not named in the complaint, but has appeared as a movant in the case. Defendants Zulfikar S.A., Al Tuwairqi, and DCS Line Inc. were never served with the complaint and plaintiff indicates that no further service of process is

1

contemplated on these previously named parties.[1]  As such, these defendants are due to be dismissed and plaintiff's motion to change caption (Doc. 42), which requests that they be removed as defendants, is due to be granted.

The sole remaining defendant is "various components of disassembled DRI Plant." Plaintiff has moved for default against Mobile DRI. (Docs. 29 & 35).  However, Mobile DRI has never been made a party to this action.  Although Mobile DRI has participated as a movant in this action, plaintiff has not named Mobile DRI as a defendant or effected proper service against it.[2]  As such, plaintiff's motions for default are due to be denied.  Plaintiff requests that, in the alternative to default, the court order Mobile DRI to file an appearance and claim of ownership and to enter an award of attorney's fees. (Doc. 43).   However, the court does not find it appropriate under the circumstances to sanction Mobile DRI.  Plaintiff has offered no authority for issuing such sanctions against a non-party.

Mobile DRI has moved for release of the funds previously deposited with the court as security in lieu of attachment, asserting that plaintiff has failed to name Mobile DRI as a defendant in this action. (Doc. 28).  However, the security deposit was stipulated to by Mobile DRI and prevented the arrest of property which Mobile DRI reportedly owns.  There has been no evidence presented as to the status of the property at this time - whether the property still exists

---

[1] In addition, the 120 day service deadline mandated by FED.R.CIV.P. 4(m) has expired.

[2] If a writ of attachment had been executed against the in rem property, then a person who claims an ownership interest in the property must generally file a verified statement of interest within 10 days after the execution of process pursuant to Rule C(6)(b).  However, because plaintiff and Mobile DRI stipulated to a security deposit to avoid attachment, process was never executed against the property.   Presumably, plaintiff and Mobile DRI hoped they could work this case out amicably.  If there were such hopes, they obviously have not been fulfilled.  As a result, this case has been wrought with problems, the primary being that process was never properly effected against any person or property.

and remains within the jurisdiction of the court.  The court does not find it appropriate to release the funds, at this time[3], unless and until a writ of attachment is executed on the property.

Plaintiff seeks to amend the complaint. (Doc. 34).  Plaintiff states that the amendment is necessary to correctly name the owner of the cargo as defendant "Al Tuwairqi Group" which it states was previously named as "Al Tuwairqi" and to allege in the alternative that Mobile DRI was the owner as the alter ego of Al Tuwairqi Group.   Mobile DRI opposes plaintiff's amendment asserting that plaintiff has offered insufficient proof of his allegations.  Specifically, Mobile DRI objects to the amended complaint naming Al Tawairqi or Zulfikar S.A. as defendants.  As stated above, plaintiff has acknowledged that it does not intend to serve these defendants.  As such, the court agrees that these parties should not be named as defendants.  Thus, the proposed amendment is improper.   However, the court finds it appropriate to allow plaintiff to file an amended complaint which does not name Zulfikar S.A., Al Tuwairqi, or DCS Line Inc. as defendants.

## CONCLUSION

Accordingly, the court **ORDERS** as follows:

1.  Plaintiff's motion to correct/change the caption (Doc. 42) is **GRANTED** and defendants Zulfikar S.A., Al Tuwairqi, and  DCS Line Inc. are hereby **DISMISSED**.

2. Plaintiff's motions for default against Mobile DRI (Docs. 29 & 35) are **DENIED**.

3. Plaintiff's motion for award of attorney's fees (Doc. 43) is **DENIED**.

---

[3] The court does not intend to retain the funds, against Mobile DRI's objection, indefinitely.  If substantial time passes without significant progress in this case, the court, upon motion, may reconsider release of the funds.  However, this order grants plaintiff leave to amend his complaint which adds Mobile DRI as a defendant.  If that occurs, the court anticipates that proper service will be effected against the proper parties within a reasonable time and that the case would proceed accordingly.

4. The motion of non-party Mobile DRI Equipment Company, Inc. for disbursement of funds (Doc. 28) is **DENIED**.

5. Plaintiff's motion to amend (Doc. 34) is **GRANTED IN PART** to the extent that plaintiff may amend its complaint, but the amended complaint may not include Zulfikar S.A., Al Tuwairqi, and/or DCS Line Inc. as defendants.  Plaintiff is **ORDERED** to file its amended complaint on or before **August 31, 2006.**

  **DONE and ORDERED** this 15th day of August, 2006.

             /s/  Callie V. S. Granade
             CHIEF UNITED STATES DISTRICT JUDGE