IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| M. H. BARRIE & ASSOCIATES MARINE SURVEYORS, INC., ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No. 05-598-CG-M |
| VARIOUS COMPONENTS OF DISASSEMBLED DRI PLANT, et al., ) ) ) ) | |
| Defendants. | |

## ORDER

This matter is before the court on plaintiff's motion for reconsideration of the court's orders of August 15, 2006 (Doc. 55), and August 31, 2006 (Doc.58). (Doc. 64). After review of plaintiff's motion and brief, the court finds that plaintiff's motion is due to be **GRANTED** to the extent that plaintiff will not be required to effect further service for in rem jurisdiction and the court will order Mobile DRI to file a statement of right or interest.

The court's order of August 15, 2006 (Doc. 55), found that plaintiff had not perfected service against Mobile DRI Equipment Company, Inc. ("Mobile DRI"). While the court still finds that pure in personam jurisdiction has not been perfected against Mobile DRI, the stipulation and bond filed by plaintiff and Mobile DRI perfected in rem jurisdiction over the property.[1]

---

[1] As such, plaintiff has obtained jurisdiction over Mobile DRI only to the extent of the value of the property. To the extent plaintiff seeks liability against Mobile DRI above the value of the property, plaintiff must serve in accordance with Rule 4 of the Federal Rules of Civil Procedure. The court notes that plaintiff has produced case law indicating that plaintiff must choose between attachment on the property and personal service upon the owner as a defendant. See Orbis Marine Enterprises, Inc. v. TEC Marine Lines, Ltd., 692 F.Supp. 280, 285 (S.D.N.Y. 1988) ("The plaintiff cannot compel the defendant's appearance through [service of process

As the District Court for the Eastern District of Louisiana explained:

> Normally, a vessel must be arrested in order for a federal district court to obtain in rem jurisdiction over it. See Cactus Pipe & Supply Co. v. M/V Montmartre, 756 F.2d 1103, 1107 (5th Cir.1985). Nevertheless, the Fifth Circuit has held that a traditional letter of undertaking is sufficient to perfect in rem jurisdiction in the absence of the arrest of the vessel. See Panaconti Shipping Co. v. M/V Ypapanti, 865 F.2d 705, 707 (5th Cir.1989), citing Continental Grain Co. v. Federal Barge Lines, Inc., 268 F.2d 240 (5th Cir.1959). "A traditional letter of undertaking provides that, in consideration of the vessel not being seized and released on bond, the vessel owner will file a claim to the vessel and pay any judgment rendered against the vessel even if the vessel itself is subsequently lost." Panaconti, 865 F.2d at 707-08, citing Cactus Pipe, 756 F.2d at 1107. In Panaconti, the Fifth Circuit held that because a stipulation between the parties shared the salient characteristics of a traditional letter of undertaking, the court had in rem jurisdiction over the vessel. See Panaconti, 865 F.2d at 708. First, the stipulation expressly stated that one of its purposes was to avoid the arrest of the vessel and did not state that the vessel owner would abandon its action in rem. See id. Thus, the stipulation waived attachment of the vessel rather than the action against the vessel. Second, the stipulation provided security for the parties' claims and thus satisfied the need for security in lieu of possession of the actual vessel. See id. Last, the owner of the vessel agreed to litigate the dispute in the forum chosen by the parties. See id. Thus, the court found that the stipulation was sufficient to preserve the district court's in rem jurisdiction. See id.

Siberla Marine Ltd. v. Western Team, 1999 WL 997492, *1 (E.D.La. Oct. 29, 1999). That court concluded that the owners provided all the necessary guarantees to appear and that the stipulation could only be interpreted as waiving the requirement of attachment of the vessel. Although the stipulation in Siberla Marine did not expressly state that the owner would file a claim, the stipulation waived attachment of the property and provided security for the parties' claims.

In this case, the stipulation stated that without waiving any claims, defenses, or

---

pursuant to Fed.R.Civ.P.] 4 and, at the same time, attach its property through Supplemental Rule B." citation and internal quotations omitted).  The court does not find it necessary to address the validity of the above premise at this time because plaintiff appears to seek only in rem jurisdiction.

objections, plaintiff and Mobile DRI agree to the posting of a bond in lieu of seizure. (Doc. 8). The bond is substituted for the property itself.  As such, the court finds that in rem jurisdiction was perfected by the stipulation and posting of the bond with this court.

If a writ of attachment had been executed against the in rem property, then a person who claims an ownership interest in the property must generally file a verified statement of interest within 10 days after the execution of process pursuant to Rule C(6)(b).  However, because in rem jurisdiction was obtained through stipulation and bond, it is unclear whether the deadlines mandated by Rule C(6)(b) apply to this case.  The parties did not stipulate that Mobile DRI would file a claim of ownership by a certain date; nor did the stipulation refer to the requirements of Rule C(6)(b).   Upon consideration, the court finds it appropriate to order Mobile DRI to file a verified statement of right or interest.

## CONCLUSION

Accordingly, plaintiff's motion to reconsider (Doc. 64) is **GRANTED** to the extent that the court finds that in rem jurisdiction was perfected by the filing of the stipulation and bond. Mobile DRI Equipment Company, Inc. is hereby **ORDERED** to file, on or before **September 22, 2006**,  a verified statement of right or interest.

Based on the above ruling, the court finds that plaintiff's motion for leave file an interlocutory appeal (Doc. 61) and motion to preserve security (Doc. 63) are **MOOT**.

**DONE and ORDERED** this 8th day of September, 2006.

```
      /s/  Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE
```